[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER RE: MOTION TO TERMINATE OR MODIFY ALIMONY (#127)
The wife was awarded lifetime alimony (or wife's earlier death, remarriage or cohabitation) at the time of the dissolution on December 16, 1988 after a 17 year marriage. CT Page 3043
On June 28, 1991, the alimony was modified downward from $250 pre week to $100 per week. In addition, the wife gave up her right to receive child support to age 19 of each of the three minor children, even though it was agreed to and set forth in the separation agreement of the parties. The defendent also turned over to the plantiff wife his 25% interest in the martial home as a setoff against some arrearages which he owed.
In June 1995, the second child reached the age of 18 years and his child support of $100 per week was terminated.
The one remaining minor child will reach the age of 18 years on July 26, 1999 and the child support of $100 per week will be terminated, leaving the defendant with his alimony obligation of $100 per week. It is this amount which the defendant seeks to modify or terminate at this time.
Since June 1991, the date of the last modification, the wife's income has increased from $300 net per week to $500 net per week.
The husband's income has increased from $426 net per week to $535 net per week.
In addition, in 1996, the defendant received a "golden handshake" from SNET in the amount of $236,000. In a two year period, this Putnam Capitol amount has grown to $270,000. The husband has not withdrawn any principal or interest from this account which would add to his weekly income. No pension or deferred income was stated on his June 1991 financial affidavit. Since 1991, the wife's liabilities have decreased from $4,800 to $3,967. The husband's liabilities have decreased from $16,670 to zero in the same period of time. His household expenses have decreased slightly as his present wife pays two-thirds of the bills.
In January 1999, the husband agreed to transfer/set up a pension account for the benefit of the wife in the amount of $30,000 by means of a QDRO in return for which the plaintiff wife agreed to be responsible for certain outstanding debts plus interest (which the husband had agreed to pay eight years ago) and further, the wife agreed to waive any restitution for post high school education which she had paid for the children as of January 16, 1999. The wife will incur a substantial penalty for CT Page 3044 the early withdrawal of any funds from the QDRO, to pay of these liens on the marital home. The husband had agreed in the original separation agreement to be responsible for the college education costs of the minor children, as more fully set forth in Article X of the separation agreement.
This court fails to find that there has been such a substantial change in circumstances to warrant a further modification of alimony.
The motion to terminate or modify alimony is denied.
Coppeto, J.